USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 04 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

      -v.-                         :        SUPERSEDING INFORMATION

JULIA VIVI WANG,                    :        S1 16 Cr. 495 (GBD)
  a/k/a "Julia Vivian Wang,"
  a/k/a "Vivian Pink,"              :
  a/k/a "Wang Wei,"
                           :

         Defendant.
                           :
- - - - - - - - - - - - - - - - x

**COUNT ONE**

(Conspiracy to Violate the Foreign Corrupt Practices Act)

The United States Attorney charges:

1. From at least in or about 2012, up to and including at least in or about 2015, in the Southern District of New York and elsewhere, JULIA VIVI WANG, a/k/a "Julia Vivian Wang," a/k/a "Vivian Pink," a/k/a "Wang Wei," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 15, United States Code, Section 78dd-2.

2. It was a part and an object of the conspiracy that JULIA VIVI WANG, a/k/a "Julia Vivian Wang," a/k/a "Vivian Pink," a/k/a "Wang Wei," the defendant, and others known and unknown, being a domestic concern and an officer, director, employee, and

agent of a domestic concern and a stockholder thereof acting on behalf of such domestic concern, would and did willfully and corruptly make use of the mails and a means and instrumentality of interstate commerce in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, and offered, gifted, promised to give, and authorized the giving of a thing of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (A)(i) influencing an act and decision of such foreign official in his official capacity, (ii) inducing such foreign official to do and omit to do an act in violation of the lawful duty of such official, and (iii) securing an improper advantage, and (B) inducing such foreign official to use his influence with a foreign government and instrumentality thereof to affect and influence an act and decision of such government and instrumentality, in order to assist such domestic concern in obtaining and retaining business for and with, and directing business to, a person, in violation of Title 15, United States Code, Section 78dd-2(a)(1) & (a)(3), to wit, WANG, a U.S. citizen, agreed to pay and offer money and other things of value to foreign officials in the Caribbean,

including an individual who served as the Permanent Representative of Antigua and Barbuda ("Antigua") to the United Nations ("UN"), and later as President of the UN General Assembly (the "Antiguan Ambassador"), in exchange for and to influence the taking of official action and to secure an improper advantage for Chinese businesses and businesspeople looking to do business in the Caribbean.

## Overt Acts

3.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed and caused to be committed by JULIA VIVI WANG, a/k/a "Julia Vivian Wang," a/k/a "Vivian Pink," a/k/a "Wang Wei," the defendant, and others in the Southern District of New York and elsewhere:

    a.  On or about April 17, 2012, the Antiguan Ambassador sent an email to an individual not named as a defendant herein, which suggested that those interested in a diplomatic position email the Antiguan Ambassador to say: "I am prepared to make a contribution of US $250,000 immediately available, and upon my appointment to the aforementioned post, a similar amount of US $250,000."

3

b. On or about February 25, 2013, WANG sent an email to the Antiguan Ambassador that contained a letter from a different individual not named as a defendant herein ("CC-1"), "formally confim[ing]" CC-1's interest in serving as an "Economic Envoy" of Antigua and stating that CC-1 would "proceed to make the agreed contribution (US$ half million)."

c. On or about March 6, 2013, the Antiguan Ambassador sent an email to WANG attaching a letter, from the Antiguan Ambassador, in his capacity as "Ambassador/Permanent Representative," to CC-1 informing CC-1 that Antigua was going to open an "Investment Office" in Hong Kong and that CC-1 would be appointed Economic Envoy/Honorary Consul.

d. On or about the same day, an individual, using an official Antigua email account, sent to the Antiguan Ambassador a commission, signed by the then-Prime Minister of Antigua, appointing CC-1 the "head of the Antigua and Barbuda Investment Office (ABIO) in Hong Kong, SAR, China, in the capacity of Economic Envoy."

e. On or about March 19, 2013, CC-1 caused a wire, in the amount of approximately $500,000, to be sent from China to an account in New York, New York in the name of a non-

4

governmental organization (the "NGO") based in New York, New York.

  f. On or about April 1, 2013, the Antiguan Ambassador sent an email from his official UN email account to his personal email account, containing information for a certain bank account in Trinidad and Tobago in the name of a company (the "Trinidad Company Account").

  g. On or about the following day, WANG sent an email to the Antiguan Ambassador that attached a wire transfer form indicating that WANG had authorized $500,000 to be sent from the NGO to the Trinidad Company Account.

  (Title 18, United States Code, Section 371.)

## COUNT TWO

(Violation of the Foreign Corrupt Practices Act)

The United States Attorney further charges:

4. From at least in or about 2012, up to and including at least in or about 2015, in the Southern District of New York and elsewhere, JULIA VIVI WANG, a/k/a "Julia Vivian Wang," a/k/a "Vivian Pink," a/k/a "Wang Wei," the defendant, being a domestic concern and an officer, director, employee, and agent of a domestic concern and a stockholder thereof acting on behalf of such domestic concern, willfully and corruptly made use of the

mails and a means and instrumentality of interstate commerce in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, and offered, gifted, promised to give, and authorized the giving of a thing of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (A)(i) influencing an act and decision of such foreign official in his official capacity, (ii) inducing such foreign official to do and omit to do an act in violation of the lawful duty of such official, and (iii) securing an improper advantage, and (B) inducing such foreign official to use his influence with a foreign government and instrumentality thereof to affect and influence an act and decision of such government and instrumentality, in order to assist such domestic concern in obtaining and retaining business for and with, and directing business to, a person, to wit, the bribery of a foreign official, to wit, WANG, a U.S. citizen, paid and offered money and other things of value to foreign officials in the Caribbean, including the Antiguan Ambassador, in exchange for and to influence the taking of official action

6

and to secure an improper advantage for Chinese businesses and businesspeople looking to do business in the Caribbean.

(Title 15, United States Code, Sections 78dd-2(a)(1)(A), 78dd-2(a)(1)(B), 78dd-2(a)(3)(A), 78dd-2(a)(3)(B), 78dd-2(g)(2)(A); Title 18, United States Code, Section 2.)

### COUNT THREE

(Subscribing to False and Fraudulent U.S. Individual Income Tax Returns)

The United States Attorney further charges:

5. From in or about 2011, up to and including in or about 2014, in the Central District of California and elsewhere JULIA VIVI WANG, a/k/a "Julia Vivian Wang," a/k/a "Vivian Pink," a/k/a "Wang Wei," the defendant, willfully and knowingly, made and subscribed to U.S. Individual Income Tax Returns, Forms 1040, for the tax years 2010 through 2013, which returns contained and were verified by the written declaration of WANG that they were made under penalties of perjury, and which returns WANG did not believe to be true and correct as to every material matter, to wit, WANG fraudulently omitted from her tax returns for tax years 2010, 2011, 2012, and 2013, approximately $2 million in income in total, including monies drawn from the NGO, thereby substantially understating her income and tax due and owing.

(Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.)

7

FORFEITURE ALLEGATION

6. As a result of committing the offenses alleged in Counts One and Two of this Superseding Information, JULIA VIVI WANG, a/k/a "Julia Vivian Wang," a/k/a "Vivian Pink," a/k/a "Wang Wei," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

(Title 18, United States Code, Section 982(a)(1).)

(Substitute Assets Provision)

7. If any of the above-described forfeitable property, as a result of any act or omission of JULIA VIVI WANG, a/k/a "Julia Vivian Wang," a/k/a "Vivian Pink," a/k/a "Wang Wei," the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461, to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982; Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461.)

*Geoffrey S. Berman*
GEOFFREY S. BERMAN
UNITED STATES ATTORNEY

*Sandra Moser*
SANDRA MOSER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JULIA VIVI WANG,
a/k/a "Julia Vivian Wang,"
a/k/a "Vivian Pink,"
a/k/a "Wang Wei,"

Defendant.

**SUPERSEDING INFORMATION**

S1 16 Cr. 495 (GBD)

(18 U.S.C. §§ 2, 371; 15 U.S.C.
§§ 78dd-2(a)(1)(A), 78dd-
2(a)(3)(A), 78dd-2(g)(2)(A); 26
U.S.C. § 7206(1).)

GEOFFREY S. BERMAN
United States Attorney.

SANDRA MOSER
Acting Chief, Fraud Section.