

| | Derek A. Cohen | Goodwin Procter LLP |
|---|---|---|
| | 212.459.7060 | The New York Times Building |
| | dcohen@goodwinlaw.com | 620 Eighth Avenue |
| | | New York, NY 10018 |
| | | goodwinlaw.com |
| | | +1 212 813 8800 |

June 29, 2020

**VIA ECF**

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *United States v. Julia Vivi Wang, 16-cr-495 (GBD)*

Dear Judge Daniels:

I write on behalf of Julia Vivi Wang to respectfully request early termination of her supervised release pursuant to 18 U.S.C. §3583(e)(1).  As discussed below, this request was deemed appropriate by Ms. Wang's probation officer and is unopposed by the government.

**Background**

Prior to this case, Ms. Wang had no criminal history.  Ms. Wang was arrested in March 2016 and since that time she has been subject to various conditions of release, ranging from house arrest with a GPS ankle bracelet, to a curfew, and now continues to have travel restrictions and reporting requirements.  During this four-plus year period, Ms. Wang has complied with all conditions imposed on her.

On April 4, 2018, Ms. Wang pled guilty pursuant to a cooperation plea agreement to a three-count Superseding Information charging her with conspiracy to violate the Foreign Corrupt Practices Act ("FCPA"), violating the FCPA, and subscribing to false and fraudulent tax returns from 2010 to 2013.  (Dkt No. 56.)

On June 26, 2019, this Court, recognizing her relative culpability and extensive cooperation, sentenced her to time served, three years of supervised release, $629,295 in restitution and a $300 special assessment.  (Dkt. No. 70).

In the year since her sentencing, Ms. Wang has fulfilled all financial obligations imposed as part of her sentence and otherwise fully complied with her supervision.



Hon. George B. Daniels
June 29, 2020
Page 2

**Applicable Law**

18 U.SC. §3583(e)(1) authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

The court must consider several factors in deciding on early termination:

(i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);

(ii) the need for the sentence imposed "to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," id. § 3553(a)(2)(D);

(iii) the "kinds of sentence and the sentencing range established for the applicable category of offense [or violation of probation or supervised release] committed by the applicable category of defendant" under the Sentencing Guidelines, id. § 3553(a)(4);

(iv) "any pertinent policy statement issued by the Sentencing Commission," id. § 3553(a)(5); and

(v) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...." Id. § 3553(a)(6).

*United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).

"The decision whether to grant early termination rests within the discretion of the district court." *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010); *see also United States v. Sheckley*, 129 F.3d 114 (2d Cir. 1997) ("We have explained that the determination of early release is a discretionary decision made by the district court.").



Hon. George B. Daniels
June 29, 2020
Page 3

**Discussion**

It has now been over a year since Ms. Wang's supervised release began and she satisfies all criteria for early termination. Early termination is warranted by her conduct and would be in the interests of justice.

Vivian Wang is a 59-year-old widow with no prior criminal history who cooperated extensively with the Government in connection with this matter and related investigations. As noted above, she has been under some form of government supervision for over four years without incident and has already paid all financial obligations imposed as part of her sentence. She has a stable family life and intends to move to her home in California full-time with her adult daughter once her supervision is over. She has no history of violence or substance abuse and does not otherwise pose any risk to public safety. In short, she is a model candidate for early termination.

United States Probation Officer Zondra Jackson, who has responsibility for Ms. Wang's supervision, agrees that early termination is appropriate and Assistant United States Attorney Daniel Richenthal has indicated that the government also does not oppose this request.

Given all of the above, we respectfully request that Ms. Wang's supervised release be terminated.

Respectfully submitted,

*/s/ Derek A. Cohen*

Derek A. Cohen
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.459.7060
Fax.: 212.208.2573
dcohen@goodwinlaw.com


cc:   AUSA Daniel C. Richenthal (via email)
      AUSA Janis Echenberg (via email)
      AUSA Douglas S. Zolkind (via email)
      Trial Attorney David A. Last (via email)
      U.S. Probation Officer Zondra Jackson (via email)